[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
This court can properly assert subject matter jurisdiction over the present case. The plaintiff's certificate of reinstatement was accepted by the secretary of state effective July 21, 1999 and the defendants' motion to dismiss was filed thereafter. General Statutes § 33-892(c) provides in relevant part that the CT Page 734 reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." Accordingly, by the time the motion to dismiss was filed the plaintiff had been conducting business as a corporation because dissolution had occurred on or about October 1, 1993. Moreover, this case is easily distinguishable from Construction and EnvironmentalConsultants, Inc. v. Cristwood Contracting, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 4714554 (April 13, 1998, (Gaffney, J.) (22 Conn. L. Rptr. 8) where the court found that the plaintiff did not have standing to sue because it had not taken any steps to reinstate its corporate legal status. The defendants' motion to dismiss is, therefore, denied and the plaintiff's objection thereto is sustained.
So Ordered.
D'ANDREA, J.